

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2008

# Husain v. Casino Contr Comm

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Husain v. Casino Contr Comm" (2008). *2008 Decisions.* Paper 1565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3636
_____

SYED M. HUSAIN,
Appellant

v.

CASINO CONTROL COMMISSION; C. G. ALLEN, Commission Inspector; LINDA M. KASSEKERT, an individual; MICHAEL A. FEDORKO, an individual; WILLIAM T. SOMMELING, an individual; MICHAEL C. EPPS, an individual; RALPH G. FRULIO, individual; ESQ. SETH H. BRILIANT, an individual; DIANNA W. FAUNTLEROY, an individual; SALVATORE ESPOSITO, Pit Manager, Showboat Casino; TOM SCOTT, Director of Surveillance, Showboat Casino

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-04923 )
District Judge: Honorable Renee Marie Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 7, 2008

Before: RENDELL, JORDAN and GARTH, <u>Circuit Judges</u>

(Filed February 20, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

Syed M. Husain appeals pro se from an order of the United States District Court

for the District of New Jersey denying his motion for default judgment and granting

Defendants' respective motions to dismiss. We will affirm the judgment of the District

Court.

I.

This case arises out of an alleged incident on August 14, 2006, at the Showboat

Casino ("Casino"). According to Husain, he was playing blackjack at a $25 table when a

representative of the Casino accused him of cheating. Denying that he ever cheated,

Husain complained to Reginald Allen, an inspector at the Casino Control Commission

("Commission") booth, who then filed an incident report. Dissatisfied with the report and

his alleged inability to obtain further information from the Commission, Husain

commenced a pro se action in the District Court. He identified the Commission itself, the

individual Commissioners, Allen, and Commission attorneys as "Second Party

Defendants" (collectively "Commission Defendants"). He further named two Casino

employees as "Third Party Defendants" (collectively "Casino Defendants"). In his

amended complaint, Husain claimed that the Commission Defendants violated his federal

due process and equal protection rights. The District Court also construed his pleading as

containing state-law claims, such as for intentional and negligent infliction of emotional

distress, against the Commission Defendants and, possibly, the Casino Defendants.

In an order entered on February 6, 2007, the Magistrate Judge granted Husain's

motion to file the amended complaint. Husain then moved for a default judgment against

2

the Commission Defendants on March 6, 2007. Having earlier sought the dismissal of Husain's initial complaint, the Commission Defendants moved to dismiss his amended complaint, initially on March 2, 2007, and again on March 12, 2007. The Casino Defendants likewise filed a motion to dismiss. In an order entered on August 15, 2007, the District Court denied Husain's motion for default judgment and granted the motions to dismiss. It dismissed with prejudice Husain's federal claims against the Commission Defendants under Federal Rule of Civil Procedure 12(b)(6). The District Court further dismissed without prejudice his state-law claims against both sets of Defendants pursuant to 28 U.S.C. § 1367(c)(3). Husain timely appealed, and he has filed a motion to strike the Commission Defendants' appellate brief.

II.

Husain argues that the District Court erred in denying his motion for default judgment against the Commission Defendants, claiming that they failed to respond to his amended complaint within the twenty-day period in which to do so.[1] Nevertheless, as the District Court noted, entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b). See, e.g., 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682

---

[1] The Court has appellate jurisdiction over this matter under 28 U.S.C. § 1291. We review the denial of a motion for default judgment for abuse of discretion. See, e.g., Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989). We exercise plenary review over a district court's decision to grant a motion to dismiss under Rule 12(b)(6). See, e.g., Green v. America Online, 318 F.3d 465, 470 (3d Cir. 2003).

3

(2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (footnote omitted)). Contrary to Husain's characterizations, the Clerk did not enter either a default or a default judgment when it docketed his motion for default judgment on March 6, 2007, or set the return date for his motion on the following day. A review of the District Court docket confirms that no default was ever entered against the Commission Defendants, and the District Court accordingly was correct to deny Husain's motion for default judgment.

Setting aside the issue of entry of default, the District Court's denial of default judgment was nevertheless appropriate on other grounds. See, e.g., Hi Tech Trans, LLC v. New Jersey, 382 F.3d 295, 297 n.3 (3d Cir. 2004) (stating that court of appeals may affirm for any reason supported by record). In deciding whether to grant a default judgment, a court may consider whether: (1) a denial would prejudice the plaintiff; (2) the defendant appeared to have a litigable defense; and (3) the defendant's delay was caused by culpable conduct. See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Husain himself appeared to suffer little, if any, prejudice from the denial of his motion, and there is no real indication that the Commission Defendants' relatively short delay in responding to his amended complaint was due to any misconduct. On the contrary, the docket reveals that the Commission Defendants vigorously defended against Husain's claims throughout this litigation. For instance, they filed a motion to dismiss the

4

amended complaint on March 2, 2007, less than a month after the entry of the Magistrate Judge's order granting leave to file an amended complaint and four days before Husain even filed his default judgment motion. As we discuss below, Husain's own claims lacked merit, and the Commission Defendants therefore possessed, at the very least, a strong defense to his claims. In the end, the District Court's ultimate disposition of this case was consistent with our well-established policy of "disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 981 (3d Cir. 1988) (citation omitted).

It is unclear whether Husain actually challenges on appeal the District Court's dismissal with prejudice for failure to state a claim under Rule 12(b)(6). In any case, we conclude that the District Court properly dismissed his federal due process and equal protection claims against the Commission Defendants.

The District Court dismissed Husain's due process claims on the grounds that he failed to establish that the Commission Defendants' conduct implicated a federally protected right. On appeal, Husain does not specify the liberty or property interests allegedly at issue here, and he fails to address the District Court's actual finding with respect to the absence of a constitutionally protected interest. We've previously observed that there is no constitutionally protected property interest in the opportunity to gamble and that, therefore, efforts like those of the Commission Defendants in this case do not violate due process rights. Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173,

5

189-90 (3d Cir. 2000).

Husain alleged that his equal protection rights were violated by a gaming regulation requiring that casinos conduct recorded surveillance *only* of gaming tables with posted minimum wagers of *$100.00 or more* as opposed to mandating such surveillance of *all* blackjack tables regardless of the wager. See N.J. Admin. Code. § 19:45-1.10(d). According to Husain, the Commission Defendants thereby created an unconstitutional distinction within the same class of blackjack tables. However, as the District Court pointed out, there is no fundamental constitutional right to gamble or to have one's gambling efforts under surveillance, and relative poverty or wealth alone do not constitute "suspect classes" for purposes of the Equal Protection Clause. See, e.g., Abdul-Akbar v. McKelvie, 239 F.3d 307, 317 (3d Cir. 2001) (en banc); Doug Grant, Inc., 232 F.3d at 189. Finally, the District Court properly concluded that the surveillance regulation satisfied the applicable "rational basis" standard.[2] Cf. Doug Grant, Inc., 232 F.3d at 189 (applying rational basis test and concluding that anti-card-counting measures adopted by casinos and approved by Commission were rationally related to legitimate state interest in protecting casino industry's financial viability).

Turning to the remaining substantive claims in this litigation, Husain does not challenge on appeal the District Court's dismissal without prejudice of his state-law

---

[2] We further note that the regulations do require casinos to have the *capability* of monitoring every gaming table. See N.J. Admin. Code § 19:45-1.10(b)1(i).

6

causes of action against the Commission and the Casino Defendants.  With respect to the Casino Defendants, he admits that he only included them as parties in order "to obtain relevant information."  (Appellant's Reply Br. at 12.)  Accordingly, the District Court properly declined to exercise jurisdiction over supplemental state-law claims after it dismissed all claims "over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

## III.

For the foregoing reasons, we conclude that the District Court committed no reversible error by denying Husain's motion for default judgment and granting the respective motions to dismiss of the Commission Defendants and the Casino Defendants. Likewise, his pending motion to strike the appellate brief of the Commission Defendants is DENIED.[3]

---

[3] Husain asserts, inter alia, that the Commission Defendants' appellate brief contains numerous fraudulent statements and that the brief itself was untimely.  Nevertheless, the alleged instances of fraud amount, at best, to mere disagreements between the parties regarding such matters as the purpose of the litigation, the underlying facts, the procedural history in the District Court, and the procedural rules and case law. Furthermore, the Commission Defendants requested and were granted an extension of time to file their brief, and their brief was filed within the extended time period.  Finally, we note that we would have reached the same result in this appeal even without the benefit of the Commission Defendants' brief.